

ENTERED
04/03/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| MARTIN A. CIRILLO, PHYLLIS A. § | CASE NO: 09-10324 | |
| CIRILLO § | | |
|     Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| MARTIN A. CIRILLO § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-01002 | |
| § | | |
| VALLEY BAPTIST HEALTH SYSTEM, *et* § | | |
| *al* § | | |
|     Defendant(s) § | | |

## REPORT AND RECOMMENDATION AND MEMORANDUM OPINION

This Report and Recommendation and Memorandum Opinion addresses the following:

- Accretive Health, Inc.'s Motion to Dismiss Adversary Proceeding (ECF No. 39);

- Financial Corporation of America's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (ECF No. 45);

- CMRE Financial Services Inc.'s Motion to Dismiss Adversary Proceeding (ECF No. 57); and

- Accretive Health, Inc.'s Motion to Withdraw the Reference to the Bankruptcy Court (ECF No. 41).

For the reasons set forth below, the motions to dismiss are granted, in part, and denied, in part. The Court recommends against Accretive's motion to withdraw the reference. Mr. Cirillo is granted leave to amend his complaint.

## General Background[1]

On June 10, 2009, Martin and Phyllis Cirillo filed a chapter 13 bankruptcy petition. ECF No. 30 at 9. Notice of the Cirillo's bankruptcy filing was provided to Defendant, Valley Baptist Health System on July 2, 2009. ECF No. 30 at 9. Valley Baptist was listed as an unsecured creditor, but did not file a proof of claim. ECF No. 30 at 9. The Cirillo's Second Amended Chapter 13 Plan was confirmed on January 9, 2010. ECF No. 30 at 10. On January 27, 2010, the Trustee filed a Notice of Intent to Pay Claims, notifying Valley Baptist that its unsecured claim would not be paid. ECF No. 30 at 10. The Cirillos received their discharge on January 12, 2011. ECF No. 30 at 10.

On May 20, 2011, four months after the Cirillos received their discharge, Valley Baptist sent Mr. Cirillo a statement referencing account number 997818703-000 and demanding payment. ECF No. 30 at 10. On December 17, 2011, Accretive Health, Inc., doing business as Medical Financial Solutions, sent correspondence to Mr. Cirillo alleging a past due balance of $900.00 on account number 997818703. ECF No. 30 at 10. On January 25, 2012, after discussions with an Accretive representative, Mr. Cirillo made a payment of $100.00. On February 1, 2012, Mr. Cirillo received additional correspondence from Accretive alleging that $15,460.47 was due on his account, and indicating that $100.00 would be charged to Mr. Cirillo's credit card pursuant to an agreement with Mr. Cirillo. ECF No. 30 at 11. Mr. Cirillo received additional correspondence and made additional payments to Accretive. *See* ECF No. 30 at 12-13.

On April 21, 2012, Mr. Cirillo requested from Accretive a breakdown of the charges and expressed his belief that this debt was discharged in his bankruptcy. ECF No. 30 at 13. Mr. Cirillo did not receive the requested information from Accretive but continued to receive

---

[1] For the purposes of this background section, the Court assumes the accuracy of the facts as alleged by Mr. Cirillo.

requests for payment.  *See* ECF No. 30 at 13-14.  These continued requests included a demand letter sent by Financial Corporation of America on August 9, 2012, and a collection letter sent by CMRE Financial Services, Inc. on April 30, 2013.  ECF No. 30 at 13-14.

**Procedural Background**

Mr. Cirillo filed this adversary proceeding on March 27, 2013.[2]  Mr. Cirillo filed his First Amended Complaint on May 23, 2013.  ECF No. 30.  In his First Amended Complaint, he seeks to represent a class of "individuals in the Southern District of Texas from whom Defendants, their successors, predecessors in interest and assigns collected or attempted to collect a debt that was discharged under chapter 7 or 13 of the United States Bankruptcy Code since January 1, 2002."  ECF No. 30 at 15.  Mr. Cirillo asserts that the class is believed to number in the thousands of members, making joinder of all class members impracticable.  ECF No. 30 at 16.  Mr. Cirillo alleges that his claims are typical of the un-named class members and seeks identical remedies for himself and the absent class members.  ECF No. 30 at 16.

At the August 19, 2013 hearing, the Court informed Mr. Cirillo of its doubts about whether he had pled sufficient facts to establish a class.  When questioned on what evidence there was that this was a widespread practice, counsel for Mr. Cirillo indicated that because Accretive continued collection action after being told of the Cirillos' bankruptcy, they apparently do not have a policy against such a practice, which in turn suggests that this improper collection practice is widespread.  Hearing Transcript, ECF No. 81 at 40-41.  Counsel was unable to provide any other factual support for the allegation.

Mr. Cirillo seeks the following relief:

- A finding that Defendants violated the discharge order and discharge injunction;

---

[2] The Court has granted the Cirillos' motion to reopen their bankruptcy case in order to file a contempt motion for Defendants' alleged violations of their plan, the Bankruptcy Code and bankruptcy court orders. Case No. 09-10324, ECF No. 50.

- A finding that Defendants violated the plan and order confirming the plan;

- A finding of contempt for these violations, for which Mr. Cirillo asks the Court to use its inherent powers pursuant to 11 U.S.C. § 105(a) to award actual and punitive damages and attorneys' fees;

- A declaration that any obligation of Mr. Cirillo and class members for any alleged debts owed to Defendants have been discharged; and

- Injunctive relief requiring Defendants to return monies paid by Mr. Cirillo and the class for discharged debts, to correct wrongful credit reporting and otherwise remedy adverse effects on Mr. Cirillo and the class members resulting from the Defendants' illegal actions.

On June 10, 2013, Accretive filed its Motion to Dismiss Adversary Proceeding (ECF No. 39) and its Motion to Withdraw the Reference to the Bankruptcy Court (ECF No. 41). Financial Corporation submitted its Motion to Dismiss for Failure to State a Claim upon Which Relief May be Granted on June 13, 2013. ECF No. 45. CMRE submitted its Motion to Dismiss Adversary Proceeding on June 27, 2013. ECF No. 57. Mr. Cirillo filed his response to the motions to dismiss and the motion for withdrawal of the reference on July 22, 2013. ECF Nos. 70 & 71. Financial Corporation filed its reply on August 12, 2013. ECF No. 74. Accretive filed its replies on August 15, 2013. ECF Nos. 75 & 76.

The crux of the Defendants' argument is that 11 U.S.C. § 105 does not create a private right of action. They argue that the appropriate remedy is for the Cirillos to seek to reopen their bankruptcy proceeding and bring a motion for contempt in their underlying bankruptcy. The Cirillos have, in fact, done this, and the Defendants argue that no other remedy is appropriate.

Defendants further argue that Mr. Cirillo has not alleged any facts from which the Court may infer that Defendants engaged in a pattern or practice of ignoring bankruptcy court orders or attempting to collect discharged debts. ECF No. 39 at 20. Defendants allege that because Mr. Cirillo has not sufficiently pled class allegations, he has not shown that a private cause of action

under § 105 is necessary or appropriate to carry out the provisions of title 11 because a motion for contempt is a sufficient remedy.

Lastly, Defendants assert that because punitive damages are designed to punish the party against whom they are awarded, they are criminal contempt sanctions, which cannot be awarded by a bankruptcy court. ECF No. 39 at 20.

CMRE additionally argues that Mr. Cirillo has failed to plead sufficient facts to state a claim against CMRE. ECF No. 57 at 15. CMRE asserts that Mr. Cirillo pled no facts to show that CMRE had knowledge of the discharge and continued collection activity despite such knowledge. ECF No. 57 at 16. CMRE argues that while Mr. Cirillo has pled that Valley Baptist had knowledge of the discharge, this knowledge cannot be imputed to CMRE as an agent of Valley Baptist.[3] ECF No. 57 at 17.

Accretive's motion to withdraw the reference argues that because there is a split in authority regarding whether § 105 creates a private right of action, the reference should be withdrawn in order to promote uniformity in bankruptcy administration. *See* ECF No. 41. Accretive also argues that withdrawing the reference will conserve resources and expedite the bankruptcy process. *See* ECF No. 41.

At the hearing held on August 19, 2013, the Court ordered supplemental briefing on the following issues:

- Whether Rule 7023 can apply in contested matters;[4]

---

[3] Financial Corporation did not assert the lack of knowledge argument in its motion to dismiss. It did however submit a supplemental brief on the issue of whether Mr. Cirillo sufficiently pled knowledge. *See* ECF No. 88. Because this argument was not properly raised in Financial Corporation's motion to dismiss, no claims against it will be dismissed on the basis of lack of knowledge.

[4] Under Bankruptcy Rule 9014, a bankruptcy judge may at his discretion apply Bankruptcy Rule 7023, and by extension Rule 23, in a contested matter. *Teta v. Chow (In re TWL Corp.)*, 712 F.3d 886, 901 (5th Cir. 2013) ((Graves, J., concurring in judgment only) (citing *In re Charter Co.*, 876 F.2d 866, 873 (11th Cir. 1989))); *see also Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 311 (E.D. La. 1992). Because the Court will not dismiss

- Whether under *Iqbal* and *Twombly*, Mr. Cirillo's pleadings are sufficient to establish that this adversary proceeding should proceed as a class action; and

- Whether Mr. Cirillo was required to plead knowledge of the discharge with more particularity.

Financial Corporation, CMRE, Accretive and Mr. Cirillo simultaneously filed supplemental briefs on September 19, 2013. ECF Nos. 88-90 & 92. Valley Baptist filed its supplemental brief on September 26, 2013. ECF No. 94. CMRE, Accretive and Mr. Cirillo simultaneously filed responses to the additional briefing on September 26, 2013. ECF Nos. 93, 95 & 96.

## Analysis

### I. Private Right of Action under § 105 or § 524

11 U.S.C. § 524(a) provides in pertinent part that:

> "(a) A discharge in a case under this title—(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228 or 1328 of this title, whether or not discharge of such debt is waived; (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

11 U.S.C. § 524(a)(1), (2).

In *Cort v. Ash*, the Supreme Court identified four-factors to be considered in determining, when a statute is silent, whether there is an implied private right of action for violating a federal statute. 422 U.S. 66, 78 (1975). Courts that have applied *Cort v. Ash* to § 524 are divided on whether there is an implied private right of action for § 524 violations. *See Bessette v. Avco Fin. Svcs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000).

---

this adversary proceeding, the question of whether Rule 7023 is applicable to contested matters is irrelevant to today's decision.

On numerous occasions this Court has rejected the misreading of *Cort v. Ash* and determined that bankruptcy courts, under 11 U.S.C. § 105, have the authority to enforce their own orders. *See e.g. Pompa, et al. v. Wells Fargo Home Mortgage, Inc. (In re Pompa)*, 2012 WL 2571156, at *5 (Bankr. S.D. Tex. June 29, 2012).

Debtors who sue based on violations of court orders are not seeking the creation of new rights of action, but are merely seeking a remedy for the violation of existing rights explicitly provided in the Code. While § 105 does not itself create a private right of action, a court may invoke § 105 if the equitable remedy utilized is necessary to preserve a right provided elsewhere in the Code. *Bessette*, 230 F.3d at 445. 11 U.S.C. § 105 authorizes bankruptcy courts to issue any judgments necessary or appropriate to carry out the provisions of the Bankruptcy Code. Accordingly, the Court has held, and again holds, that it will not jump into the "*Cort v. Ash* fray." *Id*. at 458. There is no need to determine whether there is an implied private right of action under § 524 or § 105 because there is an express remedy available under § 105. *Id*. at 457-58. A remedy in the form of a private cause of action is consistent with the plain language of § 105. *Rodriguez, et al. v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 396 B.R. 436, 460 (Bankr. S.D. Tex. 2008).[5]

## II.  Sufficiency of Class Allegations

The Defendants argue that because Mr. Cirillo has not alleged sufficient facts to support a class action, Mr. Cirillo's alleged injuries can be resolved as a contested matter in the Cirillos' main bankruptcy case, and this adversary proceeding is not necessary to carrying out the provisions of the Bankruptcy Code.

---

[5] The Court subsequently certified a class in *Rodriguez v. Countrywide*. *See* 432 B.R. 671 (Bankr. S.D. Tex. 2010), *aff'd Rodriguez, et al. v. Countrywide Home Loans, Inc.*, 695 F.2d 360 (5th Cir. 2012). The issue of whether §§ 105 or 524 create a private right of action was not discussed in this Court's or the Fifth Circuit's opinions on class certification. However, this Court's decision to certify a class was predicated on is holding in 396 B.R. 436, that it has authority to hear a private cause of action for violations of court orders pursuant to § 105.

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

The prerequisites for a class action are enumerated in Federal Rule of Civil Procedure 23(a) (applied in adversary proceedings by Bankr. R. P. 7023), which provides that:

> "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a).

To satisfy the numerosity requirement, plaintiffs must show some evidence of, or reasonably estimate the number, of class members. *Kincaid, et al. v. City of Fresno, et al.*, 244 F.R.D. 597, 601 (E.D. Cal. 2007). Mere speculation that the numerosity requirement is met does not satisfy Rule 23(a)(1). *Id.*

There are occasions when it is appropriate to determine class certification at the pleading stage before the parties have conducted any discovery. This would be true, for example, if the

plaintiff does not allege facts sufficient to make out a class. *Boyce, et al. v. Wachovia Securities, LLC, et al.*, 2010 WL 1253744, at *7 (E.D.N.C. Feb. 17, 2010). To prevail at the pleading stage, defendants bear the burden of showing that it will be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to prove. *Id*.

The Fifth Circuit has cautioned against dismissing class allegations too hastily. *Jones v. Diamond, et al*, 519 F.2d 1090, 1099 (5th Cir. 1975) (the court should be reluctant to deny the justiciability of class actions without the benefit of the fullest possible factual background). Other courts have cautioned against the same. *See e.g. Int'l Woodworkers of America, AFL-CIO, et al. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981) (it is seldom, if ever, possible to resolve class representation questions from the pleadings); *see also Boyce* 2010 WL 1253744 at *8 (the weight of authority leans heavily in favor of determining class certification after further evidentiary development through discovery).

Mr. Cirillo's class allegations do not satisfy the *Iqbal/Twombly* pleading standard. The well-pleaded facts, viewed in a light most favorable to Mr. Cirillo, do not allow the Court to infer more than a mere possibility of misconduct. Although courts should be reluctant to dismiss class allegations before evidentiary development, this does not excuse plaintiffs from satisfying basic pleading requirements. Mr. Cirillo asserts that because this unlawful practice happened to him, the Defendants must not have a policy to prevent discharge injunction violations, so it must be happening to others as well. As the Court indicated at the August 19, 2013 hearing, it is equally possible that the Defendants simply made a mistake with respect to Mr. Cirillo's account. Hearing Transcript, ECF No. 81 at 41. The Court cannot reasonably infer from these facts that the Defendants' conduct was widespread. Mr. Cirillo is correct that nothing in the Federal Rules of Civil or Bankruptcy Procedure prevents a finding of numerosity when there is just one

plaintiff.[6] However, there still have to be sufficient factual allegations that support the existence of a class under the *Iqbal/Twombly* standard, and Mr. Cirillo has not met this threshold.

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend pleadings when justice so requires. Leave to amend should be granted liberally unless the movant acted in bad faith, granting leave to amend would result in prejudice or amendment is futile. *Garcia v. Unit Drilling Co.*, 396 F. App'x. 133, 136 (5th Cir. 2010). Normally in this instance, Mr. Cirillo would be granted leave to amend, but based on the statements of his counsel, granting leave to amend would be futile at this time. Mr. Cirillo provided no basis other than the one above for believing that a class exists. In his supplemental brief, Mr. Cirillo argues that the class allegations should not be dismissed until after he has had the opportunity to conduct discovery. ECF No. 92 at 14. These statements suggest that leave to amend would be futile at this time. As Mr. Cirillo asserts in his supplemental brief, the discovery he will seek is the same whether or not there is a class. Accordingly, his class allegations will be dismissed without prejudice against seeking a future amendment if Mr. Cirillo discovers additional facts entitling him to bring a class action[7].

## III. Appropriateness of Adversary Proceeding

Even though the class allegations are inadequate, this adversary proceeding is a proper remedy for Mr. Cirillo's alleged injury. The absence of a class does not limit Mr. Cirillo's form of relief to a contempt motion because Mr. Cirillo does not merely seek sanctions for the Defendants' alleged contempt, but also seeks injunctive relief. Injunctive relief requires Mr.

---

[6] Mr. Cirillo asserts that the Court previously certified a class when there was just one plaintiff in *Cano v. GMAC Mortg. Co.* (Case No. 08-07019). Hearing Transcript, ECF No. 81 at 38. It does not appear that the issue of numerosity was addressed in *Cano*, and *Cano* does not stand for the proposition that numerosity can be satisfied with only one Plaintiff.

[7] The Court is *not* authorizing class discovery that exceeds the bounds of discovery that is permissible as to the live issues that remain following this opinion. Rather, the Court is accepting Mr. Cirillo's assertion that discovery regarding his individual claim will expose the facts regarding whether the alleged practices are widespread.

Cirillo to file an adversary proceeding, not merely a motion to commence a contested matter. *In re Southhills Plaza, LLC*, 2009 WL 1066113, at *3 (Bankr. S.D. Tex. Apr. 6, 2009) (citing Fed. R. Bankr. P. 7001).

The Court is also puzzled by the dispute. The differences between contested matters and adversary proceedings are procedural. *In re Anloc, LLC*, 487 B.R. 825, 832 n. 7 (Bankr. S.D. Tex. 2013) *motion to certify appeal granted,* 12-31267, 2013 WL 1397339 (Bankr. S.D. Tex. Apr. 4, 2013). The rules governing adversary proceedings provide enhanced protections to defendants. *Id*. It might be improper for a Court to allow a matter governed by the adversary proceeding rules to proceed as a contested matter if that would diminish procedural protections afforded to a Defendant. The converse proposition is not equally true. The Defendants may not complain that this adversary proceeding is improper when they are receiving *additional* protections.

Regardless, this adversary proceeding is proper with or without class allegations and will not be dismissed on the basis that it is not necessary or appropriate to carrying out the provisions of the Code.

**IV.   Punitive Damages**

While bankruptcy courts as non-Article III courts lack the power to impose criminal contempt sanctions for conduct committed outside the presence of the court, they retain the power to impose civil contempt sanctions under § 105 of the Bankruptcy Code. *In re Bradley*, 588 F.3d 254, 266 (5th Cir. 2009). If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997). If the purpose of the sanction is to coerce the

contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered civil. *Id.*

Courts have relied on § 105(a) as a basis for awarding punitive damages for willful violations of court orders. *See e.g. In re Mooney*, 340 B.R. 351, 362 & n. 29 (Bankr. E.D. Tex. 2006) (finding that award of punitive damages under § 105 did not carry court into realm of criminal contempt). However there is some circuit authority to suggest that punitive damages awarded under § 105 cannot be significant. *See e.g. In re John Richards Homes Bldg. Co.*, 2013 WL 6097548, at *14-15 (6th Cir. Nov. 20, 2013) (the serious concerns with court's having broad punitive sanction powers, given the risk of abuse are magnified for bankruptcy courts—while § 105 grants bankruptcy courts the authority to award mild punitive damages, it does not provide a basis for awarding serious punitive damages).

Discovery may reveal that punitive damages are appropriate in this case, and the Court has authority to award at least some measure of such damages. Accordingly, Mr. Cirillo's request for punitive damages will not be dismissed. The Court will cross the authority "bridge" only if severe sanctions are required.

**V.    CMRE's 12(b)(6) Motion**

The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

As discussed above, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements to avoid dismissal for failure to state a claim. Rule 8(a)(2) requires a plaintiff to plead "a short

and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

To prevail on a § 524(a) claim against CMRE, Mr. Cirillo must show that CMRE took action to collect a debt with knowledge of the discharge injunction, and willfully violated the injunction by continuing collection activity. *In re Eastman*, 419 B.R. 711, 725 (Bankr. W.D. Tex. 2009).

With respect to CMRE, the First Amended Complaint alleges that, on April 30, 2013, CMRE sent Mr. Cirillo a collection letter demanding payment of $15,234.56. ECF No. 30 at 14. The letter stated that, "Our client has given you all the extension of time they feel is justified," and threatened to send a negative credit report to Trans Union and Experian. ECF No. 30 at 14.

The facts alleged against CMRE, viewed in a light most favorable to Mr. Cirillo, do not support a claim for contempt. There is no allegation that CMRE had knowledge of the discharge injunction, or that CMRE continued collection activity in willful violation of the discharge injunction.[8] While CMRE's April 30, 2013 letter plainly violated the discharge injunction, the alleged facts are not sufficient to hold CMRE in contempt under § 524. An action taken in violation of the discharge injunction, regardless of whether the actor had knowledge, may be void or voidable. *See In re McPhedran*, 2010 WL 3909856, at *2 (Bankr. W.D. La. Sept. 30,

---

[8] A principal's undisclosed knowledge is not imputed to his or her agent. *S.O.G.-San Ore-Gardner v. Missouri Pac. R. Co.*, 658 F.2d 562, 567 (8th Cir. 1981).

2010).  For example, despite CMRE's lack of knowledge, had it obtained a judgment against Mr. Cirillo in violation of the discharge injunction, that judgment might be avoided.  That is different than punishing CMRE for an unknowing violation of the discharge injunction.

Mr. Cirillo will be granted leave to amend his complaint with respect to his request for a finding of contempt against CMRE.  Any amendment must set forth a factual basis from which a reasonable fact finder could determine that CMRE had knowledge of the existence of the bankruptcy case.

### VI.     Motion to Withdraw the Reference

District courts have original and exclusive jurisdiction of all cases under title 11.  28 U.S.C. § 1334(a).  Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 be referred to the bankruptcy judges for the district.  28 U.S.C. § 157(a).  Although a district court may refer title 11 cases to bankruptcy judges, it may withdraw, in whole or in part, any title 11 case referred to the bankruptcy court on its own motion or on timely motion of any party for good cause.  *Revie v. Smith (In re Moody)*, 899 F.2d 383, 386 (5th Cir. 1990).  The court's decision to withdraw the reference, in a case which will adjudicate the rights of the debtor and creditors, must be based on a sound, articulated foundation.  *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).  In determining whether to withdraw the reference, the district court should keep in mind the constitutional limitations of bankruptcy jurisdiction.  *Id*.  The court should consider goals of judicial economy such as promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the

debtors' and creditors' resources, and expediting the bankruptcy process. *Id*. at 999. The court should also consider whether either party has made a jury demand. *Id*.

The issues before the court are core matters, which weighs against withdrawal. The issues presented relate to violations of the Cirillos' plan and discharge injunction. These claims arise in a case under title 11 and are within the Court's core subject matter jurisdiction. *See Stern v. Marshall*, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011).

Withdrawal of the reference would not promote uniformity in bankruptcy administration as it would not resolve the split in authority on whether bankruptcy courts can enforce orders under § 105 through a private right of action. This factor does not favor withdrawal of the reference. If the district court withdraws the reference, it will come down on one side of the split or the other, just like this Court will if it retains the case. Until the Fifth Circuit or the Supreme Court addresses the question, there will be a split in authority in this Circuit and amongst the circuits. Withdrawal of the reference in this case will do nothing to remedy the split.

The factors of forum shopping, fostering the economical use of resources and expediting the bankruptcy process are neutral. The Defendants cite to *Veldekens v. GE HFS Holdings, Inc.*, for the proposition that the reference should be withdrawn to preserve resources and expedite the bankruptcy process. However, the Defendants mischaracterize *Veldekens*. The *Veldekens* court found that removal was proper because the inevitable appeal to the district court would result in duplication of effort causing delay, confusion and frustration. *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 763 (S.D. Tex. 2007). However the court made clear that its decision was based largely on the unique factual situation presented. *Id*. at 768. Unlike the instant case, the court characterized *Veldekens* as a case with a long and complicated factual and procedural history. *Id* at 763.

As the *Veldekens* court recognized, the bankruptcy court is typically in the best position to efficiently dispose of cases because of its specialty, experience and familiarity with the underlying facts. The particular legal questions in this case are squarely within this Court's expertise. The instant case is straightforward—it deals with core matters and key provisions of the Bankruptcy Code. There is no reason that it should not be adjudicated in the bankruptcy court.

There is no jury demand, which weighs against withdrawal.

The Defendants have failed to demonstrate good cause for withdrawal of the reference, and the court recommends that the motion to withdraw the reference be denied.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **April 3, 2014.**

					Marvin Isgur
			UNITED STATES BANKRUPTCY JUDGE